IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CR-00187-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MALACHI NICHOLAS GIBSON | ) | |
| | ) | |

THIRD-PARTY CLAIM OF ZARIA NICOLE HERNDON

**THIS MATTER** comes before the Court on the pro se Notice of Zaria Nicole Herndon (Petitioner), (Doc. No. 21), seeking the return of a firearm and the Government's Motion to Dismiss, (Doc. No. 25), pursuant to Fed. R. Crim. P. 32.2(c)(1)(A).

A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within thirty days of receiving notice of forfeiture. 21 U.S.C. § 853(n)(2). Such petition must be signed under penalty of perjury and state the nature and extent of the property interest; the time and circumstances of the acquisition of the interest; and any additional facts supporting the claim. 21 U.S.C. § 853(n)(3). A claimant is required to adhere strictly to these filing requirements to establish standing to litigate an alleged interest in forfeited property. United States v. Loria, 2009 WL 3103771, *2 (W.D.N.C. Sept. 21, 2009) (dismissing untimely and unsworn petition; collecting cases). On motion, a court may dismiss a petition for lack of standing, taking the facts forth in the petition as true. Fed. R. Crim. P. 32.2(c)(1)(A).

Here, the Court entered a Consent Order and Judgment of Forfeiture on November 8, 2023, regarding a Glock, Model 36, .45 caliber pistol and ammunition the defendant possessed in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 19). According to the Presentence Report, the

defendant was living with his girlfriend "Zaria" at the time of the offense. (Doc. No. 26: Draft Presentence Report ¶55). After the government provided the required notice of the forfeiture, (Doc. No. 24), Petitioner timely filed the instant Notice stating she purchased the pistol and wanted it returned, (Doc. No. 21). The Government argues that the Court should dismiss the petition because it was not signed under penalty of perjury. (Doc. No. 25: Motion at 2-3). Petitioner has not responded to the Government's Motion or moved to amend her petition to meet the statutory requirements. Accordingly, the Court finds she does not have standing to pursue her claim.

**IT IS, THEREFORE, ORDERED** that the government's Motion to Dismiss, (Doc. No. 25), is **GRANTED** and Petitioner's Notice, (Doc. No. 21), is **DISMISSED**.

Signed: January 18, 2024

Robert J. Conrad, Jr.
United States District Judge